Michael J. McCue
Nevada Bar No.: 6055
Meng Zhong
Nevada Bar No.: 12145
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel.: (702) 949-8200
E-mail: mmccue@lrrc.com
E-mail: mzhong@lrrc.com

*Attorneys for Defendant SuccessfulMatch.com and Jason Du*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER8 INVESTMENTS PTD.LTD., a Singapore corporation,<br><br>Plaintiffs,<br>v.<br><br>SUCCESSFULMATCH.COM, a California corporation; JASON DU, an individual; DIANNE ELIZABETH MURRY, an individual; SONG DONGLIN, an individual; TOM FU, an individual; WANG YU, an individual; JESSICA ZHANG, an individual; PHOEBE WI, an individual; LUCY LIU, an individual; and DOE NO. 1,<br><br>Defendants. | Case No.: 2:18-cv-00259-GMN-GWF<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** |

Plaintiffs REFLEX MEDIA, INC. and CLOVER8 INVESTMENTS PTD. LTD ("Plaintiffs") and Defendants SUCCESSFULMATCH.COM and JASON DU ("Defendants") state the following:

1. The Complaint was filed on February 12, 2018 (ECF No. 1);

2. Defendant SuccessfulMatch.com waived service of the Summons and Complaint on May 10, 2018 (ECF No. 18);

3. Defendant Jason Du waived service of the Summons and Complaint on May 10, 2018 (ECF No. 17);

///

4. Defendants filed their Motion to Dismiss on July 9, 2018 (ECF No. 23);

5. Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on August 6, 2018 (ECF No. 29);

6. Defendants submitted a reply in support of Defendants' Motion to Dismiss on August 13, 2018 (ECF No. 31);

7. The Motion to Dismiss is fully briefed and awaiting decision;

8. The Motion to Dismiss addresses certain threshold questions of law regarding personal jurisdiction of this Court over SuccessfulMatch.com and Jason Du based on the allegations in the Complaint;

9. The briefing for the Motion to Dismiss does not seek discovery to resolve any factual issues;

10. The Parties wish to avoid spending their respective limited resources on discovery pending the outcome of a motion addressing a threshold issue of law regarding jurisdiction;

11. In the context of a pending motion to dismiss for lack of personal jurisdiction, "courts are more inclined to stay discovery because it presents a critical preliminary question." *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-CV-00772-GMN, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) (quotations and citations omitted); *see also Edwards*, 2017 WL 1822572, at *1 ("Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity"); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (stating that common situations in which a court may determine that staying discovery is appropriate occur when dispositive motions raise issues of jurisdiction, venue, or immunity); *Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012) ("A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him."); *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-CV-00596-JAD, 2014 WL 60216, at *4 (D. Nev. Jan. 7, 2014) (Foley, J.) ("Motions to dismiss based on lack of personal or subject matter jurisdiction, or immunity from suit raise

issues that call for a different standard as to whether discovery should be stayed. A defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him…"); *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) (a motion challenging personal jurisdiction strongly favors a stay);

12. Additionally, as noted in the submitted proposed scheduling plan, several other foreign defendants are being served with process in China (ECF No. 41) and a stay would allow more time to complete service of those defendants and have all the parties joined together to conduct discovery at the same time, rather than piecemeal;

13. Based on the foregoing reasons, the Parties believe a temporary stay of discovery until the Court resolves the pending Motion to Dismiss is warranted to resolve a preliminary issue of jurisdiction and as it is more just to accomplish the inexpensive determination of the case. *See Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011) (setting forth standard to stay discovery pending dispositive motion);

14. Accordingly, the Parties request that the Court stay discovery pending ruling on the Motion to Dismiss.

**IT IS SO AGREED AND STIPULATED:**

| LEWIS ROCA ROTHGERBER CHRISTIE LLP | SMITH WASHBURN, LLP |
|---|---|
| By: /s/ Meng Zhong<br>Michael J. McCue<br>Meng Zhong<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169-5996<br>E-mail: mmccue@lrrc.com<br>E-mail: mzhong@lrrc.com<br><br>*Attorneys for Defendant SuffessfulMatch.com and Jason Du* | By: /s/ Jacob L. Fonnesbeck<br>Jacob L. Fonnesbeck<br>3960 Howard Hughes Pkwy., Suite 500<br>Las Vegas, NV 89169<br>E-mail: jfonnesbeck@smithcorrell.com<br><br>*Attorneys for Plaintiffs Reflex Media, Inc. and Clover8 Investments Ptd. Ltd* |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: \_\_\_10/02/2018_____

106184157_1

3